# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

v.

Joseph Roger O'Dell

March 24, 1986

Case No. (Law) 11,413

By JUDGE H. CALVIN SPAIN

On January 28 and February 10, 1986, suppression hearings were held with respect to the above-captioned matter. The hearings dealt with the question of personal property being removed from a dwelling and a garage occupied by the defendant in the City of Norfolk. Additionally, the question of the search and seizure of a motor vehicle owned by the defendant was examined.

The defendant rented a room from an individual in the City of Norfolk. The evidence indicated that the defendant had the free run of the house and the use of a garage for purposes of storage. Neither structure was under the exclusive control of the defendant.

The Court, based upon the evidence presented, is of the opinion that the defendant was not entitled to an expectation of privacy with respect to his personal possessions in the dwelling or in the garage with the exception of his bedroom. The evidence indicates that the articles of personal property turned over by the landlord to the police were not removed from the bedroom. Consequently, that portion of the defendant's motion to suppress is overruled.

With respect to the automobile, the testimony indicated that the automobile was legally parked on a street in the City of Norfolk. For reasons best known to the

Virginia Beach Police Department, no search warrant was obtained in the City of Norfolk with respect to the vehicle. Instead, at the time of the arrest of the defendant, an officer was left with the automobile to secure the same. Subsequently, the Virginia Beach Police caused the automobile to be towed back to the City of Virginia Beach. No authorization for the towing was obtained from any party.

There is no question that the removal of the automobile from the City of Norfolk by the Virginia Beach Police was totally improper. While that may give rise to various causes of action, the basic issue involved is whether the vehicle was legally searched.

The evidence indicates that a search warrant was obtained in the City of Virginia Beach after the vehicle was in the custody of the Virginia Beach Police Department. Thereafter, a search of the motor vehicle was made and certain evidence was obtained therefrom.

Despite the improper removal of the vehicle from Norfolk to the City of Virginia Beach, the search was made pursuant to a valid search warrant. The Court is of the opinion that the present state of the law is that where the search is in fact legal, even though the subject matter of the search may have been illegally seized, that the search is, nevertheless, valid. Consequently, that portion of the defendant's motion to suppress is overruled.